**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Abdulaziz Salman Hejji,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No.: 2:26-cv-02340-JAD-XYZ

**Order Denying Habeas Petition and Closing Case**

[ECF No. 7]

Petitioner Abdulaziz Salman Hejji was paroled into the United States as a refugee in 2009. In 2024 he was ordered removed to "Stateless (Palestinian Territories)" and was granted deferral of that removal under the United Nations Convention Against Torture (CAT). He was released on an order of supervision the day after his removal order was entered, but he was rearrested by Immigration and Customs Enforcement (ICE) officials on July 21, 2026, following his state arrest for a DUI and related charges. Hejji seeks habeas relief from his immigration custody, contending that there is no likelihood of his removal in the reasonably foreseeable future, ICE officials didn't properly revoke his supervised release, and the potential of his removal to a third country violates his due-process rights. But Hejji is still within the mandatory 90-day detention period under 8 U.S.C. § 1231(a), officials did follow procedure when they revoked his order of supervision, and I cannot conclude at this time that Hejji will be subject to third-country removal. So I deny his petition without prejudice to his ability to file a new one if the circumstances surrounding his detention change.

**Background**

Petitioner Abdulaziz Salman Hejji was born in the United Arab Emirates and is a citizen of Palestine.[1] He came to the United States as a refugee in 2009, and his status was adjusted to lawful permanent resident in 2015.[2] After Hejji was convicted of felony grand larceny in 2023, immigration officials initiated removal proceedings, and he was ordered removed to Stateless (Palestinian Territories) on May 22, 2024.[3] He was also granted deferral of removal under CAT, and he was released from custody the next day with an order of supervision.[4]

On March 12, 2026, Hejji was arrested and charged with a DUI, possession of a controlled substance, and disobeying a peace officer in Nevada court.[5] He was transferred to ICE custody on July 21, 2026, so ICE could attempt to effectuate his removal.[6] On the day of his arrest, Hejji was given a notice of revocation of his release, explaining that he violated a condition of his release when he was arrested for having controlled substances.[7] He was also given an informal interview with an ICE officer.[8]

---

[1] ECF No. 7-1 at 2; ECF No. 7 at 1.

[2] ECF No. 7-1 at 3–4.

[3] *Id.* at 4.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3.

[7] ECF No. 11-1 at 9–10.

[8] *Id.* at 11.

## Discussion

### A. This court has habeas jurisdiction over Hejji's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[9] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[10] I have repeatedly rejected the respondents' arguments, raised again here, that this court does not have jurisdiction to resolve *Zadvydas* claims under 8 U.S.C. §§ 1252(g) or 1252(b)(9), so I do not repeat that analysis.

### B. Hejji has not shown that he is entitled to relief on his prolonged-detention claim.

#### *1. The government has authority to detain noncitizens after they have been ordered removed.*

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[11] During that 90-day period, detention is mandatory.[12] The statute gives the government the ability to detain a noncitizen

---

[9] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[10] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[11] 8 U.S.C. § 1231(a)(1)(B).

[12] 8 U.S.C. § 1231(a)(2)(A).

beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy,"[13] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[14] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[15]

***2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.***

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[16] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[17] It determined that six months of post-removal-period detention is presumptively reasonable.[18] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he

---

[13] *Zadvydas*, 533 U.S. at 682.

[14] 8 U.S.C. § 1231(a)(6).

[15] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[16] *Id.* at 690.

[17] *Id.* at 699.

[18] *Id.* at 701.

should be released from ICE custody.[19] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[20] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[21]

### *3. Hejji's detention falls within the mandatory 90-day detention period, so his Zadvydas and prolonged-detention claim fails.*

Hejji contends that he should be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. But he has been detained under his final removal order for just 77 days—well within the 90-day mandatory-detention period established by § 1231(a)(2)(A). Hejji contends that this is not an impediment to his release because it is so obvious that ICE will be unable to remove him. But *Zadvydas* does not permit a court to override the plain statutory language that requires detention during that period. And Hejji has failed to cite any authority for the proposition that detention within that 90-day period could violate his due-process rights. So I deny habeas relief for Hejji's contention that his detention is prolonged under *Zadvydas* or the due-process clause.

## C. Hejji's remaining claims are not supported by the record.

Hejji also contends that immigration officials failed to follow their own regulations because they improperly revoked his order of supervision.[22] But the government produced a notice of revocation that is signed by Hejji, plus a document memorializing the informal

---

[19] *Id.*

[20] *Id.*

[21] *Id.* (cleaned up).

[22] ECF No. 7 at 8.

interview required by the government's regulations.[23] So I deny habeas relief on the ground that the government failed to follow its own regulations when they re-arrested Hejji after he violated the conditions of his release.

Finally, Hejji contends that the government's new third-country-removal policy violates his due-process rights. He contends that the government has intended to seek his removal to a third country since he was ordered removed in 2024. But there is no indication that the government has found a third country that would accept his removal or that it will effectuate any such removal in a manner that necessarily violates his rights. At this point in Hejji's removal proceedings, the record simply doesn't support the inferences that Hejji relies on to seek release. So I deny his petition without prejudice to his ability to file a new petition if the circumstances of his detention change.[24]

**Conclusion**

IT IS THEREFORE ORDERED that Abdulaziz Salman Hejji's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 7] is DENIED** without prejudice to his ability to file a new petition if the circumstances of his detention change. **The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
October 7, 2026

[23] 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3).

[24] Because I deny this claim on the merits, I do not address the respondents' argument that this court should not resolve Hejji's third-country-removal claim because it overlaps with a class-action case pending in the District of Massachusetts. ECF No. 11 at 9–10 (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025)).